# CIRCUIT COURT OF THE CITY OF NORFOLK

In re Petition of
Michael A. Scott

July 13, 2010

Case No. (Civil) CL99-351-02

BY JUDGE EVERETT A. MARTIN

By Order of this Court of July 2, 2001, Michael A. Scott (the "Petitioner") was enjoined from filing further actions in the courts of Virginia without first obtaining leave of this Court. By Order of October 28, 2008, this Court imposed a sanction of over $40,000 on the Petitioner for violating the pre-filing injunction. By Orders of September 18 and October 15, 2009, the terms of the pre-filing injunction were supplemented

The Petitioner now seeks leave of court to file a declaratory judgment action against the City of Norfolk (the "City"), the City Manager, the City Attorney, and three parking enforcement officers who issued parking citations to him. In essence, it seems the Petitioner objects to the City's ordinance that imposes an additional fine of $50 if a parking ticket is not paid within thirty days of issuance, Code of Norfolk § 25.1-61(a)(2), and the City's Parking Division's alleged refusal to schedule hearings in the General District Court within that time.

The Court notes that Judge Charles E. Poston would ordinarily determine whether to grant leave to the Petitioner as he issued the original pre-filing injunction; however, Judge Poston has recused himself from matters involving the Petitioner while he is a defendant in an action the Petitioner has filed that is pending in the U.S. District Court for the Eastern District of Virginia.

*Indicia of Vexatiousness*

The Court will first judge the tendered pleading against the "Indicia of Vexatiousness" set out in the Order of September 18, 2009, in which this Court held: "The existence of any of numbers 1 through 4 and a blunderbuss pleading [No. 5] is a strong indication of vexatiousness." Are any of those indicia present in the tendered pleading? Yes, Indicia No. 4. Prior and pending litigation, i.e., the three parking citations at issue, is the basis for this action. This pleading is another blunderbuss.

Count I of the tendered complaint is brought against all defendants under 42 U.S.C. § 1983, the 1st, 5th, 6th, and 14th Amendments to the U.S. Constitution (specifically denial of due process, equal protection, double jeopardy, speedy trial, confrontation of accusers, trial by jury, petition for redress), the Virginia Declaration of Rights, malicious prosecution, and abuse of process.

Count II, a modest count, alleges only malicious prosecution and abuse of process against the three parking enforcement officers.

Count III seeks a declaratory judgment against the City, the City Manager, and the City Attorney. The same smorgasbord of legal claims stated in Count I is repeated, but there is more meat on the bones plus a few added delicacies: a bill of attainder, an *ex post facto* law, a violation of the separation of powers, a denial of the right to counsel, the unauthorized practice of law, and some others.

Count IV alleges defamation and a violation of the fighting words statute against two of the three parking enforcement officers and the City. He excludes Officer Michael, one assumes, because he was convicted on that citation.

Returning to the Indicia of Vexatiousness, Nos. 7, 15, and 16 are also present. The Petitioner's first parking citation was dismissed in this Court. CR09-1694; order of July 21, 2009. For the petitioner's second parking citation, he was fined $65 with $50 suspended. CR10-827; order of May 25, 2010. Thus it appears he has not paid the $50 fine of which he complains. Nonetheless, he seeks $200,000 in compensatory damages. He also seeks $750,000 in punitive damages notwithstanding the limit of Code of Virginia § 8.01-38.1.

*The Low Hanging Fruit of Patently Frivolous Claims*

The vexatiousness of the tendered pleading is also shown by the frivolous nature of many of the claims. The Court will only discuss some of the claims. The failure to discuss the other claims is based on the sheer number of them and the Court's desire to devote its attention to the meritorious claims of other litigants. It should not be construed to mean they have merit.

## Speedy Trial

The Petitioner received the first parking ticket of which he complains on February 18, 2009. He was tried in the General District Court on May 1, 2009, and in this Court on July 21, 2009. The Petitioner received the second parking ticket of which he complains on December 4, 2009. He was tried in the General District Court on February 19, 2010, and in this Court on May 25, 2010. He apparently has not been tried on the third parking ticket, which he received on May 25, 2010.

Virginia's speedy trial statute, Code of Virginia § 19.2-243, provides that the trial in this Court of a "traffic infraction" is to occur within nine months of the trial in the General District Court. With the possible exception of a parking ticket for violation of a handicapped area, parking tickets are not "traffic infractions." See Code of Virginia §§ 46.2-100, 46.2-113, 46.2-1300, 46.2-1220, 46.2-1242. Nonetheless, the statute provides some guidance on what is reasonable. Petitioner was tried in this Court within four months of his General District Court trials. There was no denial of a speedy trial.

The Virginia constitutional speedy trial guarantee is similar to that in the statute. *Fowlkes v. Commonwealth*, 218 Va. 763, 240 S.E.2d 662 (1978). The federal speedy trial right is only violated when there has been such an undue delay between arrest and trial that a defendant has been prejudiced. *Barker v. Wingo*, 407 U.S. 514, 92 S. Ct. 2182, 33 L. Ed. 2d 101 (1972). Not here.

## The Virginia Declaration of Rights

The Virginia Declaration of Rights, now Article I of the Constitution of Virginia, is among the pre-eminent documents in the establishment of ordered liberty. Most of it has nothing whatsoever to do with Petitioner's grievances. Equality of men, § 1; power derived from the

people, § 2; right to reform or alter government, § 3; no exclusive privileges, § 4. Enough said.

## Malicious Prosecution

Two of the elements of a claim for malicious prosecution are the termination of the prosecution in a manner not unfavorable to the plaintiff and the absence of probable cause. *Stanley v. Webber*, 260 Va. 90, 531 S.E.2d 311 (2000). The Court observes that most parking citations are issued to unoccupied motor vehicles not to people, and it assumes, without deciding, that a parking citation can be the basis of a malicious prosecution action. Nonetheless, the Petitioner was *found guilty* in both the General District Court and in this Court of the citation Officer Michael issued to him, and he still sues Officer Michael for malicious prosecution. It appears the citation Officer Zysk issued to the Petitioner has not even been heard in the General District Court, yet the Petitioner is already eager to sue him. No stronger evidence of vexatiousness can be imagined.

## Abuse of Process

To sustain a claim for abuse of process, a plaintiff must plead and prove: (1) the existence of an ulterior purpose, and (2) an act in the use of the process not proper in the regular prosecution of the proceedings. *Donohue Construction Co. v. Mount Vernon Assoc.*, 235 Va. 531, 369 S.E.2d 857 (1988). The Petitioner received parking tickets; he informed the General District Court he wished to contest them; he appeared in that court and was tried and convicted; he appealed to this Court and was present, tried, and once convicted and once acquitted. There is nothing improper in that.

## Denial of Right to Counsel

The Petitioner is free to retain counsel to contest a parking ticket if he chooses. There is no right to appointed counsel (assuming the Petitioner is indigent) as there is no threat of confinement for a parking ticket. *Argersinger v. Hamlin*, 407 U.S. 25, 92 S. Ct. 2006, 32 L. Ed. 2d 530 (1972); Code of Virginia § 19.2-157.

*Defamation*

A false accusation of crime can be defamatory. However, the crime alleged must be one punishable by imprisonment or involving moral turpitude. *Schnupp v. Smith*, 249 Va. 353, 457 S.E.2d 42 (1995). "Handicapped parking violation," "no parking," and "blocking curb ramp" do not quite make it.

*Double Jeopardy, Bill of Attainder, and Ex Post Facto*

The course of Petitioner's trial on his parking citations has been stated, supra. He was charged under a parking ordinance that was last amended in 2006. It is an ordinance of general applicability. The Petitioner is not named in it. See *Calder v. Bull*, 3 U.S. (3 Dall.) 386, 1 L. Ed. 648, 3 Dall. 386 (1798); *Cummings v. Missouri*, 71 U.S. (4 Wall.) 277, 18 L. Ed. 356 (1867). These claims are further evidence of a "litigate now; contemplate later" approach.

The Petitioner's litigation history establishes that anyone involved in or in any way connected to a lawsuit or proceeding in which he is a party is a target of his vexatiousness. Victims and intended victims have included, among others, the Attorney General of Virginia, a judge, a newspaper reporter, a bank holding a mortgage on property he owned, a lawyer engaged to foreclose on a mortgage, a purchaser at a foreclosure sale, commissioners of accounts who approved foreclosure accountings, and now three parking enforcement officers. *Eius facta ipsa loquntur.*

The Court finds the tendered complaint is vexatious and frivolous. Leave to file it is denied.

The Court will not entertain any motion to reconsider or to file an amended pleading arising out of the events described in the tendered pleading. The Petitioner may seek relief from the Supreme Court of Virginia by noting an appeal within thirty days. Rule 5:9(a). Endorsement is waived pursuant to Rule 1:13.

The Clerk shall maintain a copy of this Order and the tendered pleading in the Petitioner's file and mail copies to him.